**Louise JACKSON, Appellant,**

v.

**Irvin Leo JACKSON, Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1959.

Hanish & Hanish, Louisville, for appellant.

No appearance for appellee.

CULLEN, Commissioner.

In 1951, Louise Jackson brought action against her husband, Irvin, seeking a divorce from bed and board. He counterclaimed, asking for an absolute divorce on the ground of five years' separation. The case remained on the docket, with various steps being taken, until June 1957, when judgment was entered granting the husband a divorce and allowing the wife $750 as lump sum alimony, out of which sum the wife was required to pay her own attorney's fee. No question of custody or support of children is involved.

The wife has appealed, maintaining that she should have been awarded a much larger sum for alimony, and should have been given a separate allowance for her attorney's fee. She also contends that there was a court order in 1952 allowing her a weekly sum for alimony and maintenance pending the action, and she should have been given judgment for the delinquent payments due under that order, in the amount of $3,453.

As concerns the alleged order for alimony and maintenance pending the suit, we do not find any such order in the record. There is a trial commissioner's *recommendation,* but the record does not show that this was approved by the court or that any order ever was entered. No payments were ever made by the husband under this recommendation. In the absence of a court order requiring the payments, there is nothing on which to base the wife's claim for judgment for delinquent payments.

As concerns the amount of permanent alimony, it appears that around the time the parties separated (which apparently was in 1945 or 1946), a home owned by the parties was sold and the wife retained the proceeds, amounting to perhaps $7,000. She also retained the furniture. It seems that this was about all the property they had, and that most of it had been paid for out of the husband's earnings as a truck driver. Although the judgment, and the commissioner's report on which it was based, do not indicate clearly the reason why the court allowed only $750 for alimony, it appears that it was because the court felt that the wife had received about all she was entitled to by reason of her retaining the proceeds of the sale of the house. Under the state of the record, which is not very satisfactory, we cannot say that the wife is entitled to more.

It appears that in allowing the wife $750, the court was taking into consideration the fact that the wife had incurred attorneys' fees, and the amount of the allowance was intended to include this item. In effect, the court simply allowed the wife a cash sum for lawsuit expenses, treating the real estate proceeds previously received by her as being sufficient alimony. We believe this was proper under the circumstances.

The judgment is affirmed.